UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CONNIE MARSHALL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:06-CV-423 |
| ) | |
| JUDGES ) | |
| CHARLES R. SIMPSON III, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

On January 29, 2007, the court ordered plaintiffs to timely submit either their filing fee or *in forma pauperis* applications in order to avoid dismissal of their lawsuit [doc. 13]. The undersigned has now been advised that plaintiffs paid their filing fee on November 9, 2006. Plaintiffs may accordingly disregard the January 29 order, and it is further **ORDERED** that the "Motion for Waiver of Fees Until Final Adjudication" [doc. 3] filed by plaintiff Connie Marshall is **DENIED AS MOOT**.

Additionally, the court observes that the motion for waiver is signed only by plaintiff Marshall on behalf of all seven *pro se* plaintiffs. Such action likely constitutes the unauthorized practice of law by Ms. Marshall. *See, e.g., Kapp v. Booker*, No, Civ. A. 05-402-JMH, 2006WL 385306, at *3 (E.D. Ky. Feb. 16, 2006).

As a *pro se* litigant, Ms. Marshall may act as her own counsel in this matter. *See* 28 U.S.C. § 1654. However, she is not authorized to represent others in federal court. *See, e.g., Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[B]ecause *pro se* means

to appear for one's self a person may not appear on another person's behalf in the other's cause.") (citation omitted).

The court presumes that these infractions by Ms. Marshall have been unintentional. Nonetheless, plaintiffs are cautioned that a person who is not a lawyer may not represent another person in a legal proceeding - not even to the minor extent of signing a pleading on behalf of a co-plaintiff. To avoid running afoul of the prohibition on the unauthorized practice of law, future filings made on behalf of more than one plaintiff must be signed by each plaintiff involved.

Further - and in a similar vein - because a *pro se* plaintiff may not represent another person or a class, Ms. Marshall's "Motion to Certify the Class" [doc. 4] is **DENIED**. Lastly, Ms. Marshall's pending requests to correct plaintiffs' addresses [docs. 8, 9] appear to have been acted upon by the Clerk of Court, and are thus **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

s/ R. Leon Jordan
United States District Judge

dated: 1/31/2007