UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CONNIE MARSHALL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:06-CV-423-RLJ |
| ) | |
| JUDGES ) | |
| CHARLES R. SIMPSON III, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This matter is before the court on defendants' motion to dismiss [doc. 22]. The motion is ripe for the court's consideration. *See* Jt. Ky. Loc. R. 7.1(c), (g). For the reasons stated herein, defendants' motion will be granted and this civil action will be dismissed.

I.

*Factual Background*

Plaintiffs filed their complaint *pro se* on August 25, 2006, against eight federal judicial defendants in their individual and official capacities. Plaintiffs do not indicate the law under which they bring their complaint, but the court construes this to be a *Bivens* action against the federal officials. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiffs allege that in the adjudication of prior cases the defendants "have participated in one/or [sic] more of the following: Malice, Conspiracy, Intentional Bias and Prejudice, Violated Court Procedure, Violated Federal Law and Violated Judicial Codes of

Ethics[.]" [Doc. 1] (capitalizations in original).  Plaintiffs seek the following relief:

    1. Impeachment Indictments [sic] and Incarceration of the Defendants.

    2. The Plaintiffs further request that all Orders and Decisions signed and made by the Defendants in the Plaintiffs [sic] cases be Overturned and Hearings and/or Rehearings in ALL cases.

    3. That the Defendants Immediately Recuse themselves from the Plaintiffs [sic] cases.

    4. Judgment in the amount of 10,000,000.00 (ten million) Dollars against the Defendants together with Plaintiffs [sic] cost herein expended and interest upon such judgment at the legal rate; and any and all other proper relief to which the Plaintiffs might appear to be entitled.

    5. That all cases filed within the past fifteen (15) years that involve Forma Pauperis Litigants, and Litigants filing claims against officials and companies with or without legal counsel be reviewed.

    6. That the Plaintiffs [sic] cases be overturned, a rehearing and in *some cases* a hearing as the case has not had discovery and Defendants have never been served.

    5. [sic] Congressional Review[.]

[Doc. 1] (emphases and capitalizations in original).

II.

*Authority*

The Federal Rules provide for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

"When evaluating a motion to dismiss brought pursuant to rule 12(b)(6), the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983) (internal citations omitted). "Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid*, 859 F.2d at 436 (emphasis in original) (internal citations and quotations omitted).

*Pro se* complaints are entitled to an additional layer of liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this less stringent standard "does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Steen v. Detroit Police Dep't*, No. 92-2409, 1993 WL 219875, at *1 (6th Cir. June 21, 1993) (citation and quotation omitted).

### III.

### *Analysis*

The doctrine of sovereign immunity bars suit against federal officials in their official capacity unless the United States has expressly waived such immunity. *See Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115-16 (6th Cir. 1988).

Plaintiffs cite the court to no waiver of immunity in this case. Their official capacity claims will be dismissed.

Next, it is well-settled that, with limited exceptions, judges are immune from suit in their individual capacities for money damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).[1] A litigant *cannot* sidestep a judicial officer's immunity by alleging bad faith, malice, corruption, bribery, or conspiracy. *See id.* at 11; *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Instead,

> immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles*, 502 U.S. at 11-12.

Regarding the first of these exceptions, "the relevant inquiry is the nature and function of the act, not the act itself. In other words, we look to the particular act's relation to a general function normally performed by a judge[.]" *Id.* at 13 (internal citation and quotations omitted). In the present case, the conduct of which the plaintiffs complain - the adjudication and administration of their prior cases - relates to "a general function normally performed by a judge," regardless of the alleged motivation.

---

[1] The court notes that plaintiffs identify all defendants as judges. However, defendant James A. Higgins is in fact the Sixth Circuit Executive. Defendant Higgins is entitled to quasi-judicial immunity in the performance of his duties. *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511, 520-22 (1985).

Nor are plaintiffs able to meet the second exception to judicial immunity from suit for money damages. This court simply cannot conclude that a judicial officer or court official acts "in the complete absence of all jurisdiction" by adjudicating or adminstering a case brought before his or her court. Defendants' judicial and quasi-judicial immunity dictates that plaintiffs' claim for money damages must be dismissed.

Next, to the extent that plaintiffs demand "Congressional review" and the "Impeachment Indictments [sic] and Incarceration of the Defendants," this court lacks jurisdiction to provide such relief. To the extent that plaintiffs demand reversal, reopening, and/or rehearing of prior cases, the present complaint is no more than an untimely and misdirected collection of appeals. Further, to the extent that plaintiffs demand reversal, reopening, and/or rehearing of *other litigant's* cases, plaintiffs lack standing. Plaintiffs' equitable and injunctive claims must be dismissed.

Lastly, to maintain an action against a federal official in his individual capacity, a complainant must of course properly bring that defendant before the court. *See Chasin*, 845 F.2d at 116. Plaintiffs have offered no proof that they have served the defendants as required by the Federal Rules, and the fact that the defendants have actual notice of this suit "is, of course, immaterial." *Id.* For this additional reason, plaintiffs' complaint must be dismissed. *See* Fed. R. Civ. P. 4, 12(b)(5).

An order consistent with this opinion will be entered.

ENTER: July 24, 2007

s/ Leon Jordan<br>United States District Judge